IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00109-MR-WCM

| | |
|---|---|
| APRIL L. LAMB and NICHOLAS RAY LAMB, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>HEATHER RENE FRANKS DELGADO a/k/a HEATHER RENE FRANKS-DELGADO and JUAN CARLOS DELGADO-GUERRERO, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Remand [Doc. 4].

I.  **BACKGROUND**

On March 15, 2023, April L. Lamb and Nicholas Ray Lamb (collectively "Plaintiffs") filed this action in the Superior Court for Transylvania County against Heather Rene Franks Delgado a/k/a Heather Rene Franks-Delgado and Juan Carlos Delgado-Guerrero (collectively "Defendants"). [Doc. 1-1 at 1]. The Plaintiffs' Complaint requests monetary damages in excess of $25,000 based on claims of alleged negligence, gross negligence,

recklessness, and loss of consortium arising from a car wreck that occurred on or about June 19, 2020. [Id. at ¶¶ 6, 8-24]. Specifically, Plaintiff April Lamb claims that she suffered "great bodily injury," lost wages, "permanent injury, loss of quality of life, [and] pain and suffering." [Id. ¶¶ 18-20]. Plaintiff Nicholas Lamb claims that he suffered damages for the loss of consortium of his wife as a result of the collision. [Id. at ¶ 24].

Prior to filing suit, the Plaintiffs' counsel entered into settlement negotiations with a representative of the Defendants' insurer, Auto-Owners. In the course of these negotiations, the Plaintiffs' counsel sent correspondence to Auto-Owners requesting information concerning policy limits and demanding a settlement in the amount of the policy limits to compensate the Plaintiffs for their alleged injuries, which included immediate treatment by emergency personnel at the accident scene, and subsequent imaging studies, which revealed a fractured right wrist. [Doc. 4-1 at 3]. The Plaintiffs' counsel also described the collision as being "extremely detrimental" to Plaintiff April Lamb's business and personal finances, as she was unable to work for five weeks following the collision and "lost a substantial amount of money as a result of not being able to fill previously placed orders." [Id.].[1]

---

[1] Both sides submitted copies of this demand letter to the Court. [Docs. 4-1, 5-1]. While

According to the Plaintiffs, they were not aware of the Defendants' policy limits at the time that their counsel sent this demand letter. [See Doc. 4 at 4]. The Plaintiffs assert that they learned in May 2021, two months after the Complaint was filed, that the policy limits were $500,000. [Id.].

On April 24, 2023, the Defendants filed a Notice of Removal based on federal diversity jurisdiction under 28 U.S.C. § 1332(a). [Id. at 1]. According to the Defendants, federal diversity jurisdiction exists here because "there is complete diversity between the parties[2] and the amount in controversy exceeds $75,000." [Id. at ¶ 10].

On May 24, 2023, the Plaintiffs filed a Motion to Remand arguing that the Defendants have failed to carry their burden to prove that the amount in controversy exceeds $75,000. [Doc. 4]. On June 7, 2023, the Defendants filed their Response in Opposition to the Plaintiff's Motion to Remand, arguing that the allegations of the Plaintiff's Complaint as well as the Plaintiffs' pre-suit demand letter to the Defendants' insurance carrier demonstrate that the jurisdictional threshold has been met in this case. [Doc. 5]. The Plaintiffs did not file a reply to the Defendants' Response in

---

the demand letter states that the Plaintiff April Lamb's medical records were attached, such attachments were not included in either party's filings.

[2] It is undisputed that there is complete diversity between the parties under 28 U.S.C. § 1332(a)(1).

Opposition, and the time to do so has expired. Thus, the matter has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

Federal courts have original jurisdiction over civil actions between citizens of different states if the amount in controversy exceeds $75,000 and complete diversity exists between the parties. See 28 U.S.C. § 1332(a). A defendant may remove a civil action from a state court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

The party seeking removal has the burden to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Federal courts are "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (*en banc*) (quoting Mulcahey, 29 F.3d at 151). Therefore, courts must "resolve all doubts in favor of remand." Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 297 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").

While removal jurisdiction is construed strictly, "the liberal rules of pleading apply to removal allegations." Scott v. Cricket Commc'ns, LLC, 865

F.3d 189, 195 (4th Cir. 2017) (citing Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014)). As such, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee, 135 S. Ct. at 554. The defendant, however, still "bears the burden of demonstrating that removal jurisdiction is proper." Scott, 865 F.3d at 194 (emphasis omitted) (quoting Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008)).

When a plaintiff challenges removal based on the alleged amount in controversy, 28 U.S.C. § 1446(c)(2)(B) dictates that the Court determine whether the defendant has proved, by a preponderance of the evidence "that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee, 135 S.Ct. at 553-54 (internal quotation marks omitted). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee, 135 S.Ct. at 554. "In making such a determination, the district court 'may consider which party has better access to the relevant information.'" Scott, 865 F.3d at 197 (quoting Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 51 (1st Cir. 2009)).

## III. DISCUSSION

"Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009) (unpublished). In North Carolina, however, a plaintiff must plead for judgment in excess of a certain dollar amount, "making it difficult to determine the exact amount in controversy" from the initial pleading. Lee Elec. Constr., Inc. v. Eagle Elec., LLC, No. 1:03-cv-00065, 2003 WL 21369256, at *2 (June 10, 2003). "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'" Scott, 865 F.3d at 194 (citing Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) (emphasis omitted)). That is the case here, where the Complaint simply states that the amount in controversy "is in excess of $25,000." [Doc. 1-1 at 5].

In such cases, "[t]he key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" Scott, 865 F.3d at 196 (quoting McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008)). Generally, the amount in controversy is evaluated

6

at the time the complaint is filed, but where a complaint is ambiguous as to the value of the action, the court may consider any evidence before it regarding the amount in controversy. Pigg v. Progressive Cas. Ins. Co., No. 3:06 CV 125-H, 2006 WL 1789145, at *3 (W.D.N.C. June 27, 2006) (citing Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204-05 (4th Cir. 1979) and Talantis v. Paugh Surgical, Inc., 273 F. Supp. 2d 710, 713 (M.D.N.C. July 18, 2003)). To some extent, the defendant may rely on "reasonable estimates, inferences, and deductions" in alleging the amount in controversy. Scott, 865 F.3d at 196. However, the evidence presented must go beyond mere conjecture and speculation in order to be sufficient. See Johnson v. Think Computer Corp., No. CV TDC-22-2422, 2023 WL 3742990, at *4 (D. Md. May 31, 2023).

"When a claim is being made on an insurance policy, 'the amount in controversy is the value of the underlying claim, not the face amount of the policy.'" Pigg, No. 3:06 CV 125-H, 2006 WL 1789145, at *3 (quoting Darbet, Inc. v. Bituminous Casualty Corp., 792 F. Supp. 487, 489 (S.D. W. Va. 1992)). A court should not automatically equate the value of the plaintiff's claims with the policy limits of the coverage, Toler v. State Farm Mut. Auto. Ins. Co., 25 Fed. Appx. 141, 143 (4th Cir. 2001), and may not rely *solely* on a maximum policy limit to establish the amount in controversy, Moreno v.

7

Universal Prop. &, Cas. Ins. Co., No. 3:22-CV-00238, 2022 WL 3337737, at *3 (W.D.N.C. July 25, 2022). A policy limit may be taken into account, however, alongside other factors, such as the extent of a plaintiff's injuries or claims. See Pigg, No. 3:06 CV 125-H, 2006 WL 1789145, at *4. Additional factors to be considered include the possible damages recoverable, including punitive damages, as evidenced by amounts awarded in other similar cases, as well as expenses or losses incurred by the plaintiff up to the date the notice of removal was filed, and any settlement demands made by the plaintiff prior to removal. Watterson v. GMRI, Inc., 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997). "The court, in applying these principles, is not required to leave its common sense behind." Mullins v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994).

Here, the Plaintiff April Lamb claims that as a result of the collision she suffered "great bodily injury," lost wages, "permanent injury, loss of quality of life, [and] pain and suffering." [Doc. 1 at ¶¶ 18-20]. Similarly, Plaintiff Nicholas Lamb claims that he suffered damages for the loss of consortium of his wife as a result of the collision. Given the serious and permanent nature of the injuries alleged, the Court concludes that these assertions alone support a finding that the jurisdictional amount has been satisfied.[3]

---

[3] In making this determination, the Court is mindful that the Defendants have minimal

Evans v. CDX Servs., LLC, 528 F. Supp. 2d 599, 606 (S.D.W. Va. 2007) (finding amount in controversy met where plaintiff claimed "serious bodily injury," "tremendous pain and suffering," "loss of earning capacity," and "loss of ability to enjoy life"); Fischer v. ISE Am., Inc., No. ELH-14-1314, 2014 WL 5796839, at *4 (D. Md. Nov. 6, 2014) (finding amount in controversy met where plaintiffs alleged "serious permanent injuries and significant medical expenses").

The Plaintiffs' pre-suit demand to the Defendant's insurance company for full policy limits further demonstrates that the amount in controversy is satisfied here. While the Plaintiffs allege that the Defendant did not reveal that the policy limit was $500,000 until two months after their Complaint was filed, the pre-suit demand is still relevant in determining the amount in controversy. See Pigg, No. 3:06 CV 125-H, 2006 WL 1789145, at *4. North Carolina law requires a minimum automobile liability insurance coverage of $30,000 bodily injury per person and $60,000 bodily injury per occurrence. N.C.G.S. § 20-279.21. Therefore, the Plaintiffs' pre-suit demand suggests evidence of claims asserted for at least $60,000. This, taken alongside the

---

concrete evidence at this stage in litigation, whereas the Plaintiffs, as the masters of their complaint, undoubtedly have more evidence in their possession, in the form of medical bills and other records, of the actual amount of controversy. See Scott, 865 F.3d at 197 (noting that, when determining whether the amount in controversy is satisfied, court "may consider which party has better access to the relevant information").

9

Case 1:23-cv-00109-MR-WCM   Document 6   Filed 08/28/23   Page 9 of 10

nature of the Plaintiffs' claimed damages, as discussed *supra*, supports a finding that the Plaintiffs are claiming damages in excess of the jurisdictional threshold. See Hunt v. Walter A. Smith Enterprises, No. 5:14-CV-00016-TBR, 2014 WL 991783, at *3 (W.D. Ky. Mar. 13, 2014) (finding that a generic policy limit demand coupled with "a fair reading of [the plaintiff's] Complaint and the nature and types of damages alleged" were enough to meet the defendant's burden regarding the amount in controversy).

Taking into consideration all the evidence presented in the Plaintiffs' Complaint and their pre-suit demand letter, the Court finds that the Defendants have established that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that this case was properly removed from state court pursuant to 28 U.S.C. §§ 1441(a) and 1331. Therefore, the Plaintiffs' Motion to Remand is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Remand [Doc. 4] is **DENIED.**

**IT IS SO ORDERED**.

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge

10

Case 1:23-cv-00109-MR-WCM   Document 6   Filed 08/28/23   Page 10 of 10